# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES MICHAEL CARMI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV693 NAB |
| ) | |
| U.S. GOVERNMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 21029-044), an inmate at Forrest City Federal Correctional Institution, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.13. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $70.64, and an average monthly balance of $13.41. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.13, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action against several federal entities and officials pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging violations of his civil rights. Plaintiff has also named several state entities/actors, who he is presumably suing pursuant to 42 U.S.C. § 1983. Plaintiff additionally seeks to attack his criminal conviction by claiming that he lacked the mental capacity to assist in his own defense, that his counsel was ineffective and that the prosecutor acted maliciously. For relief from the purported unlawful behavior, plaintiff seeks monetary damages in the amount of $5 million, as well as transfer to a "half-way house or home confinement."

In his complaint and supplemental memoranda, plaintiff asserts a myriad of conclusory arguments relating to the alleged denial of his rights since October 2000, purportedly the time at which plaintiff was incarcerated. Plaintiff claims generally that he has been mis-diagnosed at several federal medical centers and county and state correctional facilities, and that his medical needs have not been fulfilled. Plaintiff additionally claims, in a conclusory manner, that he has been a victim of "malicious prosecution" and denied time to reflect on his legal proceedings given his "brain injury" and "amnesia."

## Discussion

Plaintiff's complaint is subject to dismissal for a variety of reasons, not the least of which is his failure to set forth a plausible claim for relief. Iqbal, 129 S.Ct. at 1949.[1] Plaintiff's allegations against the twenty defendants are made up of nothing more than conclusory assertions and "[t]hreadbare recitals..." and are not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1949. Because there are no non-conclusory allegations that would show that defendants acted in a manner deliberately indifferent to plaintiff's needs, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1949. As a result, the Court will dismiss this action for failure to state a claim upon which relief can be granted.

Moreover, plaintiff's arguments for setting aside his conviction are misplaced in the present action. His assertions that he was not properly medicated at the time he accepted a plea, subjected to malicious prosecution, a victim of ineffective assistance of counsel, etc., cannot form a basis for monetary relief in the present action. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (noting that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus).

---

[1] A claim under Bivens involves the same analysis as one arising under 42 U.S.C. § 1983. Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

Lastly, the entire tone of plaintiff's complaint is malicious in nature. A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63.

Maliciousness can easily be seen in the vast listing of defendants in this action and in the tone of the complaint and supporting documents. Plaintiff has named not only his criminal defense attorney, but also the prosecutors and the Judge who presided over his criminal matter, as well as every correctional center at which he has since been housed. Thus, it appears that the manifest purpose of plaintiff's complaint was not to rectify any cognizable harm, but only to harass and disparage those involved in his prior criminal matter. In light of the aforementioned, the Court will dismiss the instant lawsuit for frivolousness, maliciousness and failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.13 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous, malicious and it fails to state a claim upon which relief can be granted.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of April, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE